IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CARLITO CARTER and
ANGELITA MOSLEY,

      Plaintiffs,

v.          CIVIL ACTION NO. 2:22-cv-00230

DUNBAR POLICE DEPARTMENT
and CPL. J. L. LUCIANO,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

  The Court has reviewed the *Dunbar Police Department's Motion to Dismiss* (Document 7) and *Memorandum of Law in Support of Motion to Dismiss* (Document 8), and the Plaintiffs' *Complaint* (Document 1). The Plaintiffs have not timely responded to the *Dunbar Police Department's Motion to Dismiss*. For the reasons stated herein, the Court finds that the motion to dismiss must be granted.

***FACTUAL ALLEGATIONS***

  The Plaintiffs, Carlito Carter & Angelita Mosley, allege in their complaint that their home was searched while they were detained, in violation of their rights. The allegations are detailed below:

  On May 19, 2020, the Plaintiffs were in their residence located at 1401 Grosscup Avenue, Dunbar, West Virginia. While the Plaintiffs were there, law enforcement officers with the Dunbar Police Department arrived, handcuffed the Plaintiffs, and searched their home. During the search,

the officers seized $1,100 in cash and an imitation pistol. Only after the search was completed were the Plaintiffs served with a search warrant. The stated purpose of the warrant was to search for Makayla Copley, an individual the Plaintiffs do not know. The Plaintiffs allege that the Defendants knew the factual basis for the warrant did not exist, but nevertheless fraudulently presented these facts[1] to the magistrate to obtain the search warrant.

The Plaintiffs also allege that officers with the Dunbar Police Department obtained a search warrant for 332 ½ 16th Street in Dunbar, West Virginia, for the same reason of locating Makayla Copley. The residents of that address similarly were not familiar with anyone with that name.

The Plaintiffs have named the Dunbar Police Department and Corporal J.L. Luciano as Defendants and allege two claims, namely, Intentional Infliction of Emotional Distress and a violation of 42 U.S.C. § 1983.

## *STANDARD OF REVIEW*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

[1] Specifically, the Plaintiffs allege that Defendant Corporal J. L. Luciana produced a fraudulent affidavit to the magistrate, and that this practice has been condoned by the Dunbar Police Department for the purpose of cloaking broad searches for illicit substances.

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal*, 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief."

3

Francis, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## *DISCUSSION*

The Defendant Dunbar Police Department urges the Court to dismiss it from this matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. It argues that the Plaintiffs cannot maintain a cause of action against the police department because it is a political subdivision, as stated by W. Va. Code Ann. § 8-14-1. This provision states that municipal police departments are "subject to the authority, control and discipline of the administrative authority" of the municipality. W. Va. Code Ann. § 8-14-1. Otherwise stated, a municipal police department is a subdivision of the City of Dunbar. The Plaintiffs agree, describing the Defendant as "a political subdivision located within Kanawha County." The effect of this classification is that the Dunbar Police Department is not a "separate suable entity" from the City of Dunbar. *Tofi v. Napier*, No. 2:10-CV-01121, 2011 WL 3862118, at *4 (S.D.W. Va. Aug. 31, 2011); *Weigle v. Pifer*, 139 F. Supp. 3d 760, 765 n.1 (S.D.W. Va. 2015). This argument is not disputed by the Plaintiffs. Accordingly, the Court concludes that the Dunbar Police Department is not a proper party and should be dismissed.

## *CONCLUSION*

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Dunbar Police Department's Motion to Dismiss* (Document 7) be **GRANTED** and that the Defendant Dunbar Police Department be **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 18, 2022

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA